RENÉ SANFIORENZO, Petitioner and Appellant, *v.* JUAN T. PEÑAGARÍCANO, ADMINISTRATOR, ETC., Respondent and Appellee; EVA FLORES, Intervener.

No. CE-63-43.      Decided June 26, 1964.

*Jorge Benítez Gautier* for appellant. *Miguel Franquiz Ventura* and *Alvaro Ortiz Ortiz* for appellee. *José Aulet* for intervener.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

René Sanfiorenzo, petitioner herein, and his wife are the owners of building No. 1807 situated on Ponce de León Avenue, in Santurce, Puerto Rico. During the basic period of 1942 the apartment involved in this petition was leased for residential purposes for a basic rent of $66.50 fixed by the Federal Price Control Office. Early in 1953 petitioner leased the apartment to Eva Flores, intervener herein, who used it mostly to establish a beauty parlor. The intervener and her husband initially used a small part of the premises for residential purposes. Thereafter she devoted it to a storehouse and to an establishment for the sale of beauty products, with the exception of one room which she used to spend the night occasionally. They agreed to pay, and she has continued paying, a monthly rent of $125. After fixing and collecting that commercial rent, petitioner failed to comply with the provisions of §§ 4(e) and 7 of the Rent Regulation for Commercial Premises then in force, from November 1, 1946 until January 12, 1959, and of § 9 of the Reasonable Rents

Act (17 L.P.R.A. § 189),[1] which made it his duty to register the commercial premises rented in the Office of Rent Administration within 30 days following the lease date.

On January 17, 1962, intervener Eva Flores complained to the Economic Stabilization Administration challenging the lease rental on the ground that it was unreasonable.

---

[1] Section 9 of the Reasonable Rents Act (17 L.P.R.A. § 189) provides as follows:

"It shall be the duty of every landlord to register in the Office of Rent-Control Administration within thirty (30) days following the date of the promulgation of the rules which the Administrator may adopt for the purpose, and in accordance with said rules, all his rental properties, including houses, apartments, and groups of houses used for dwellings, lots on which are located houses or buildings belonging to other persons, and houses and buildings used for businesses, offices, and commercial or industrial purposes; Provided, That the dwellings which have been or may be registered in the Rent-Control Division of the Office of Price Administration under the terms of the Federal Act need not be registered in the Office of Rent-Control Administration of Puerto Rico as long as the Federal Law is in force in Puerto Rico; Provided, That in case federal rent control shall cease in Puerto Rico and the Federal Government shall transfer to the Rent-Control Administration all the records and files related to said rent control, the properties already registered under the federal rent-control program need not be again registered, and the Administrator shall have power to accept as the reasonable rent, the rent theretofore fixed to any of said properties by the Federal Agency then in charge of said program. Provided, however, that in case the Federal Rent-Control Program shall cease in Puerto Rico and the records and files related thereto shall not be ceded to the Administration, it shall be the duty of the owners of said properties to register same in such manner and under such terms as the Administrator may determine."

Section 4(b) and (e) of the Rent Regulation for Commercial Premises provides as follows:

"(b) *Leased subsequent to July 17, 1946:* the first rent fixed for such premises if leased for the first time subsequent to July 17, 1946; however, if the premises were not leased on July 17, 1946, but were leased prior thereto under any of the circumstances set forth in § 4(1) and (2), the maximum rent shall not exceed more than 50 per cent of the rent applicable under those circumstances.

"(e) In all the cases comprised in § 4(b) in which the date of the lease is subsequent to the effective date of this Regulation, the landlord shall be under the duty to register the commercial premises within 30 days following the date of the lease, in the manner provided in § 7. If during the period fixed the landlord files his registration declaration, duly completed, and subsequently the Administrator fixes a maximum rent lower

After the corresponding administrative hearing was held, on May 23, 1962, the appellee Administrator, Juan T. Peñagarícano, held that "the rental of $66.50 a month binds the landlord," and this case "is distinguishable from that . . . of *Heirs of Belaval Ritter*, decided May 26, 1961, because in that case the landlord heirs filed a commercial declaration and the former Rent Office fixed a rent of $75 a month for those premises"; and that "In the case under consideration neither the former Rent Office nor this Administration has authorized the collection of the rent of $125 a month," and he accordingly sustained the complaint. On May 31, 1962, the Administrator mailed to appellant an order for reimbursement after determining that during 85 months he had collected from intervener an overprice amounting to $4,972.50, at the rate of $58.50 per month. Feeling aggrieved, appellant filed a petition for review in the Superior Court, San Juan Part. On October 18, 1963, that court sustained the Administrator's determination. The trial court said that the regulation relied on by appellant ceased to be in force on May 12, 1959; that the case of *Mejías, Adm'r* v. *Superior Court*, 82 P.R.R. 708 (1961), relied on by appellant (this is the case to which the Administrator refers in his order as that of *Heirs of Belaval Ritter*), "although its facts are similar to those of that herein, it is nonetheless distinguishable because of the essential variations in the facts."

---

than that fixed by the landlord, the reduction shall have a prospective character. If the declaration is filed subsequent to the aforesaid period, the reduction of the rent so made shall have retroactive effect to the date of the first rent. The reimbursement shall be made within 30 days following the date of the Administrator's order fixing the maximum rent. If the landlord establishes that he was unable for good reasons to make the registration in due time, the order fixing the maximum rent shall relieve him from the obligation to reimburse. The foregoing provisions as well as the reimbursements made thereunder shall not affect at all the civil or criminal liability which the landlord may incur by his failure to timely register in the manner provided in § 7."

In the present petition before this Court appellant maintains that the trial court committed the following two errors:

1. In refusing to apply to this case the doctrine of *Heirs of Belaval Ritter*, and

2. In implying that the regulation in force at the time of the occurrence was not applicable, since the same had been substituted by another regulation which was in force at the time the Administrator's order was issued.

The Administrator alleges before this Court that it appears from the evidence that the premises in question were rented to be used as a dwelling and for business, mostly for residential purposes. To that effect he cites part of Eva Flores' testimony. From the intervener's entire testimony and from a careful examination which we have made of the record, it is evident that since the beginning the predominant use to which intervener devoted the premises was commercial.

Both under § 4b of the Rent Regulation for Commercial Premises and Administrative Order No. 4, entitled "Stabilization of Rent for Commercial Premises which were not rented during the period comprised between July 17, 1946, and May 14, 1948,"[2] both of which were adopted by the former Office of Price Administration of Puerto Rico, the *maximum legal lease rental* was the first rent charged, which in the case under consideration was $125. This rental

---

[2] Section IA2 of that order provides:

"I. As of the effective date hereof, and until the Administrator shall determine otherwise in pursuance of the provisions of § 5 of the Rent Regulation for Commercial Premises, the maximum rent for commercial premises which were not leased during the period from July 17, 1946 to May 14, 1948, and which have been leased subsequent to May 14, 1948, shall be in the case of:

"A. *Premises whose construction was terminated on or prior to October 1, 1942:*

"    .    .    .    ..    .    .    ·.

"2. The first rent charged subsequent to October 1, 1942, if the premises were not leased on October 1, 1942, and were leased subsequent thereto."

could be adjusted by the Administrator of that Office on the basis of the rentals prevailing in Puerto Rico for similar buildings during the year ending in October 1942. In *Mejías, Adm'r v. Superior Court, supra,* we upheld that method of fixing the basic rent for commercial premises, and we further said that "As said Act prevails today, the Administrator shall have power to fix the reasonable rent, order increases or reductions in the rent prevailing on October 1, 1942, in all cases in which, in his judgment it is thus justified, due to improvements of capital importance, increase or reduction of furniture, equipment or accessories, increase or reduction in services and supplies, or deterioration of the dwellings or buildings leased, or increase in taxes, provided that the authorized increases shall not exceed 15% of the fixed rent."

But, as we said before, petitioner failed to comply with the requirement of registration of the premises in question in the former Office of Price Administration of Puerto Rico within 30 days following the date of the lease thereof, to enable the Administrator to adjust the rent in question on the aforementioned bases. On March 8, 1962, petitioner filed with the Administrator the declaration of the commercial premises, and the Administrator, instead of approving or adjusting the rent in the manner stated, sustained the complaint and ordered the reimbursement object of this petition.

■ Since the Reasonable Rents Act provides that the tenant shall not be entitled to any reimbursement or claim for any payment made in excess of the reasonable rent prior to the date on which the latter may be fixed (except in those cases where the rent automatically adjusts to the amount prevailing in October 1942, and except in such cases where the Administrator issues a temporary order increasing or fixing the maximum rent until the case is finally decided) (§ 6 of the Act *supra,* 17 L.P.R.A. § 186), we must determine:

(1) whether the rent in question adjusts automatically, and

(2) if not, whether or not the order of the Administrator and his order for reimbursement are correct.

■■■■ The question in this case is not whether the rent adjusts automatically, since as we stated in *Aparicio* v. *Peñagarícano*, 84 P.R.R. 386 (1962), the facts of which were similar but in connection with dwelling premises, the first rent of the premises (commercial in the case under consideration) leased for the first time subsequent to October 1942, is a permissible *rent* not subject to automatic adjustment; the fact that the Administrator could afterwards alter the regulation cannot affect, retroactively, a vested right acquired under the authority of former regulation. In the instant case the Administrator had power under the regulation in force[3] to change the regulation, which he actually did, but such change could not be made with, or has, retroactive effect in cases such as this in which a permissible rent was being charged under the former legislation. We said in *Mejías, supra*, under similar facts, notwithstanding the petitioner untimely registered the premises, namely, after the expiration of the 30-day term in question, that the determination that the rental initially fixed by the landlord was reasonable was not contrary to the act and therefore void.[4] Following this norm in the case

---

[3] Section 5(c) and (d), Part III of the Rent Regulation effective on January 12, 1959, provides:

"(c) The maximum rent of any given property, as fixed by law (the rent charged on Oct. 1, 1942), shall not be altered because of a change from a dwelling to a commercial use, or vice versa.

"(d) The landlord may request a revision of the maximum rent because of change in use, in those cases in which the maximum rent was fixed under the basis of prevailing rents on October 1, 1942." 17 R.&R.P.R. § 186–5(c) and (d).

[4] The premises in this case were originally used as a dwelling and afterwards devoted to a beauty parlor, the first rent as commercial premises having been fixed on October 1, 1946. They were registered on Decem-

under consideration, and if the 1946 regulation had continued in force, the Administrator could have adjusted the rent by increasing it (this is what actually happened in *Mejías, supra*) or reducing it with retroactive effect, since the registration was untimely made. However, under the new regulation, as stated below, that could not be done any more. Nor is the rent in question of the nature of those fixed by temporary order, the adjustment of which could be made with retroactive effect. This is not a case in which a controversy arose between the tenant and the landlord when the commercial rent was first fixed, respecting the rent itself or any other fact necessary for its determination (§ 5(d) of the Rent Regulation for Commercial Premises), nor a case in which the landlord applied for a rent increase on the grounds set forth in § 5(a) of the Regulation. (Section 5(e) of the said Regulation.)[5] These temporary orders bear no relation to the timely or untimely registration of the premises in question. This situation subsisted until the Regulation in question was repealed and the Rent Regulation of 1959 was adopted in its stead. When the tenant's complaint was filed in this case, the Rent Regulation of 1959 was already in force. The only prospective determination which could be made thereunder was that the maximum rent for the premises in question was that prevailing in

---

ber 2, 1946, in the former Office of Price Administration, after the expiration of the 30-day term to perform this act in pursuance of the regulation in force.

[5] Section 5(e) of the Rent Regulation for Commercial Premises provides that:

"In those cases in which the landlord makes an application under the provisions of paragraph 5a or 5d of this section, or the Administrator initiates proceedings under said paragraph, he may issue an order fixing a temporary maximum rent greater than the rent prevailing at that time. The landlord shall collect such increase in the understanding that if the final order fixing the maximum rent reduces the temporary rent, he shall reimburse the resulting overpayment to the tenant. The reimbursement may be made in cash or credited toward immediate future rent, or both, in the manner which the Administrator may determine."

October 1942, pursuant to the provisions of § 5 (c), part III of the Regulation, without prejudice to petitioner to apply for a new rent under the provisions of § 5 (d), part III of that Regulation (see n. 3 *supra*), and that it be fixed in accordance with the norms outlined hereinabove and which we sanction in *Mejías, Adm'r v. Superior Court, supra.*

In view of the foregoing, the judgment rendered in this case by the Superior Court, San Juan Part, on October 18, 1963, as well as the order of May 23, 1962 of the Economic Stabilization Administrator, will be reversed, and that court is hereby ordered to remand the case to the Administrator for further proceedings consistent herewith.

Mr. Chief Justice Negrón Fernández dissented.